IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RECEIVED
MAY 01 2026
PAIGE WYMORE-WYNN, CLK
U.S. DISTRICT COURT
WEST DISTRICT
OF MISSOURI

| | | |
|---|---|---|
| **LESLIE DENNIS MANNON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03197-BCW |
| | ) | |
| **COUNTY OF LACLEDE, MISSOURI; LINDA CANSLER, individually and** in her official capacity as Laclede County **Clerk; AMY FOLSOM, individually and** in her official capacity as Laclede County **Prosecuting Attorney; and LARITA POPE,** individually, | ) | Chief Judge Brian C. Wimes |
| | ) | |
| Defendants. | ) | |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff Leslie Dennis Mannon respectfully submits these Suggestions in Support of his Motion for Leave to File a First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). The case is at its earliest procedural stage: the original Complaint was filed twenty-eight days ago, Defendants have not yet answered or filed any motion under Rule 12, no scheduling order has been entered, and no discovery has been conducted. The proposed amendments do not add new parties or new causes of action. They refine factual allegations, plead the existing fraud count with Rule 9(b) particularity, expressly invoke equitable tolling for time-sensitive counts, and substitute supporting authority. The amendments narrow rather than expand the scope of this litigation. None of the Foman factors weighs against leave, and the Eighth Circuit's liberal Rule 15 standard plainly supports granting this Motion.

## II. PROCEDURAL POSTURE

The original Complaint was filed April 2, 2026 (Doc. 1). Service on all four Defendants was completed April 6, 2026 (Docs. 2-5). Defendants' responsive pleadings were due April 27, 2026. On the response deadline, Defendants filed Doc. 6 — a Motion for Extension of Time to File Answer under Rule 6(b)(1)(A). Plaintiff does not oppose Doc. 6, and submits that the relief requested in this Motion will moot Doc. 6.

Plaintiff's window for amendment as of right under Rule 15(a)(1)(A) — twenty-one days after service of the Complaint — expired April 27, 2026. Rule 15(a)(1)(B), which provides an alternative window of twenty-one days after service of "a responsive pleading" or "a motion under Rule 12(b), (e), or (f)," has not been triggered. A Rule 6(b) extension motion is neither a responsive pleading under Rule 7(a) nor a motion under Rule 12(b), (e), or (f), and therefore does not start the Rule 15(a)(1)(B) clock. Leave under Rule 15(a)(2) is the only available vehicle, and is the procedurally correct one at this stage.

## III. LEGAL STANDARD

Rule 15(a)(2) directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has made clear that, "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The Eighth Circuit applies this standard liberally. Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999); Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) ("There is no absolute right to amend a pleading, but the court should freely give leave when justice so requires."). "[D]elay alone is insufficient justification" to deny leave; the opposing party must demonstrate prejudice. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998).

## IV. EACH FOMAN FACTOR FAVORS LEAVE

### A. No Undue Delay

The original Complaint was filed twenty-eight days ago. The amendments are being sought at the earliest practicable point: before any responsive pleading, before any Rule 12 motion, before any scheduling order, and before any discovery has commenced. The Eighth Circuit has repeatedly held that motions to amend filed at this posture are not untimely. See Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (analyzing Rule 15 delay analysis in light of scheduling-order posture); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). Plaintiff seeks leave well before any scheduling-order deadline.

**B. No Bad Faith or Dilatory Motive**

Plaintiff's purpose in seeking amendment is to narrow rather than expand the scope of this case, refine pleading particularity, and eliminate any ambiguity on threshold issues including statutory tolling and the proper framing of Count VIII. The amendments do not add Defendants, do not add claims, and do not enlarge demand for relief. There is no bad faith or dilatory motive.

**C. No Repeated Failure to Cure**

This is Plaintiff's first request to amend. No prior amendment has been filed.

**D. No Undue Prejudice to Defendants**

Defendants have not answered, have not filed any Rule 12 motion, and have not engaged in any discovery. They are represented by experienced civil-defense counsel. Once leave is granted, Rule 15(a)(3) gives Defendants fourteen days from service of the First Amended Complaint to respond. Defendants' position vis-a-vis their pending Doc. 6 extension motion is fully preserved: if leave is granted, Doc. 6 is moot, and Defendants receive a fresh response window keyed to the First Amended Complaint. The Eighth Circuit treats prejudice to the nonmovant as the central concern in evaluating leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008); Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). There is no prejudice here.

**E. No Futility**

An amendment is futile only when it could not survive a Rule 12(b)(6) motion. Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010). The proposed amendments narrow the operative pleading by clarifying the framing of Count VIII (federal duty of preservation under 52 U.S.C. § 20701, sourcing the spoliation remedy in 8th Circuit case law), pleading the fraud count with Rule 9(b) particularity (citing the controlling Missouri nine-element test), preempting an Imbler v. Pachtman absolute-prosecutorial-immunity defense by pleading functional/administrative conduct, and expressly invoking equitable tolling under RSMo § 516.280 for the § 1986 limitations period. Each amendment strengthens rather than weakens viability under Rule 12(b)(6). The amendments cannot be futile.

**V. CONCLUSION**

Each of the Foman factors favors granting leave. The First Amended Complaint represents Plaintiff's good-faith effort to clarify and strengthen his pleading at the earliest stage

of the case, before any burden has fallen on Defendants or this Court. Plaintiff respectfully requests that this Court grant the attached Motion.

Respectfully submitted,

Date: May 1, 2026

Leslie Dennis Mannon

LESLIE DENNIS MANNON
Plaintiff, Pro Se
25641 Ortega Drive
Lebanon, Missouri 65536
Telephone: (573) 703-3727
Email: dmansr@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth above, a true and correct copy of the foregoing Suggestions in Support was served on counsel for all Defendants by United States Mail, postage prepaid, and via the Court's CM/ECF system upon docketing, at the address of record:

Michael D. Cerulo
Baty Otto Coronado Scheer PC
7777 Bonhomme Ave., Suite 2150
St. Louis, Missouri 63105
mcerulo@batyotto.com
Counsel for All Defendants

Leslie Dennis Mannon

LESLIE DENNIS MANNON, Pro Se