# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LESLIE DENNIS MANNON,<br><br>Plaintiff,<br><br>vs.<br><br>LACLEDE COUNTY, MO, et al.<br><br>Defendants. | Case No. 6:26-cv-03197-MBB |

## SCHEDULING AND TRIAL ORDER FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and upon consideration of the parties' proposals in the matter, the following schedule is hereby established:

1. TRIAL SETTING. This case is scheduled for a **five**-day jury trial, commencing ______________, at the United States District Courthouse in Springfield, Missouri.

   **Plaintiff proposes that trial commence on April 6, 2028.**
   **Defendants propose that trial commence on September 6, 2027.**

2. PRETRIAL CONFERENCE. A final pretrial conference in this case will be held at **_______________ a.m./p.m., __________________, 202___**, at the United States District Courthouse in Springfield, Missouri. Lead trial counsel shall participate in this conference.

3. MOTION TO AMEND PLEADINGS. Any motion to amend the pleadings shall be filed on or before ______________________.

   **Plaintiff proposes a deadline to request leave to amend pleadings of December 1, 2026**.
   **Defendants propose a deadline to request leave to amend pleadings of August 3, 2026**.

4. MOTION TO JOIN ADDITIONAL PARTIES. Any motion to join additional parties shall be filed on or before ______________________.

   **Plaintiff proposes a deadline to request leave to join parties of December 1, 2026.**
   **Defendants propose a deadline to request leave to join parties of August 3, 2026.**

5. DISCOVERY DEADLINES. All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before ______________________. This means that all discovery shall be completed, not simply submitted, on the date specified by this paragraph.

**Plaintiff proposes a deadline for the completion of "fact discovery" by March 8, 2027. Plaintiff proposes a deadline for all pretrial discovery of October 5, 2027.**

**Defendants do not believe discovery needs to be conducted in phases and propose a deadline for all pretrial discovery of February 15, 2027.**

The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. If a teleconference is needed, email your request to the Courtroom Deputy at Karen_Siegert@mow.uscourts.gov. A memorandum of the discovery dispute, not to exceed two pages in length, should be electronically submitted by each party no later than twenty-four hours prior to the teleconference.

6. EXPERT DESIGNATION DEADLINES. Plaintiffs shall designate any expert witnesses they intend to call at trial on or before ______________________. Defendants shall designate any expert witnesses they intend to call at trial on or before ______________________. This paragraph applies to all witnesses from whom expert opinions will be elicited at trial, regardless of whether the witness was specially retained to provide trial testimony. Each party shall ensure compliance with Fed. R. Civ. P. 26(a)(2)(B) at the time of the party's expert witness designations. Expert witnesses may testify only as to matters contained in the report required by Rule 26(a)(2)(B), unless leave of Court is granted upon good cause shown.

**Plaintiff proposes the following:**
**Plaintiff expert designation by June 7, 2027**
**Defendants expert designation by August 6, 2027**

**Defendants propose the following:**
**Plaintiff expert designation by September 1, 2026**
**Defendants expert designation by November 2, 2026**

With respect to treating physicians, coroners and like professionals not retained to testify for a party, the report requirements of this Order may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For purposes of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert. A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of this Order.

7. DISPOSITIVE MOTION DEADLINE. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before ________________________. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

   **Plaintiff proposes a November 4, 2027 dispositive motion deadline. Defendants propose a March 19, 2027 dispositive motion deadline.**

8. PRETRIAL CONFERENCE DOCUMENT DEADLINES. The documents listed below shall be filed prior to the pretrial conference.

   a. Motions in Limine. Motions in limine shall be filed at least ten (10) business days prior to the final pretrial conference. Responses to motions in limine shall be filed at least three (3) business days prior to the final pretrial conference. In order to ensure efficient use of trial time, the parties are encouraged to file motions in limine relating to key evidentiary issues.

   b. Stipulation of Uncontroverted Facts. At least three (3) business days prior to the final pretrial conference, the parties may file a stipulation of any uncontroverted facts.

   c. Witness List. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve a list of all witnesses who may be called to testify at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment.

   d. Exhibit Index. At least five (5) business days prior to the final pretrial conference, each party shall file and serve an exhibit index of all exhibits that may be offered at trial. If an exhibit is not listed by a party, that exhibit will not be admitted absent leave of Court. The exhibit index should be prepared on a form provided by the Clerk's office that can be found at https://www.mow.uscourts.gov/forms/district.

   e. Stipulation as to the Admissibility of Evidence. At least three (3) business days prior to the final pretrial conference, the parties shall file a stipulation as to the admissibility of evidence, listing the exhibits for which authenticity and foundation are not contested.

   f. Designation of Deposition Testimony. Fifteen (15) business days prior to the final pretrial conference, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.

g. Objections to Designated Deposition Testimony and Counter Designation. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve:

   i. Any objections to proposed deposition testimony designated by any other party; and

   ii. A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

h. Objections to Counter Designations. At least seven (7) business days prior to the final pretrial conference, each party shall file and serve any objections to proposed deposition testimony offered as a counter-designation by other parties.

i. Submission of Deposition Designations. At least seven (7) business days prior to the final pretrial conference, the parties must submit their deposition designations to the Court in the following manner:

   i. The parties shall jointly submit one copy of each designated deposition.
   ii. Each party shall highlight the portion of the deposition they want to designate.
   iii. Each party must also highlight any counter-designations.
   iv. Each party must use a different color to indicate their designations (i.e., Plaintiff uses yellow, Defendant uses blue, etc.).
   v. Each party must indicate their objections on the actual deposition by bracketing the objectionable portion in the margin, using a different color to indicate the portion to which each party objects.
   vi. The parties must submit a table of contents before each copy of the designated deposition. The first section of the table of contents should identify the Plaintiff's chosen color, along with the specific designations and counter-designations. The second part should identify the Defendant's chosen color, along with specific designations and counter-designation. The third part shall identify the Plaintiff's objections, by page and line number, in numerical format (i.e., "1. Page 2, Lines 33-40 – hearsay). The fourth part shall identify the Defendant's objections, by page and line number, in numerical format.

j. Jury Instructions.

   i. At least ten (10) business days prior to the final pretrial conference, the parties shall jointly file an original (without sources) set and an annotated (with sources) set of proposed jury instructions. Proposed instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District of Courts of the Eighth Circuit* and/or *Missouri Approved*

*Instructions* (MAI) where available and appropriate. All instructions shall be designated as Instruction No. _____.

ii. The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, the parties shall jointly submit the instructions upon which they agree. Each party shall submit its proposed version of the instructions upon which the parties do not agree, along with a written objection to the other party's version.

iii. The instructions should also be submitted to the Court electronically, in Word format. Instructions should be sent via email to the Courtroom Deputy at Karen_Siegert@mow.uscourts.gov.

k. Trial Brief. At least five (5) business days prior to trial, counsel for each party may file a trial brief stating the party's factual and legal contentions in the case. The trial brief should address any important evidentiary issues.

l. Jury Statement. At least five (5) business days prior to trial, counsel for each party shall agree upon a statement to be read to the jury setting forth the background of the case and the claims to be asserted. This statement will be read to the jury panel prior to voir dire. The jury statement shall be emailed in Word format to the Courtroom Deputy at Karen_Siegert@mow.uscourts.gov.

m. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

9. MISCELLANEOUS.

a. All motions for extension of time pursuant to Fed. R. Civ. P. 6(b), 31, 33, 34, or 36 must state:

i. The date when the pleading, response, or other action is/was first due;
ii. The number of previous extensions and the date the last extension expires;
iii. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and
iv. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

b. All motions requesting leave to depart from Local Rule 4.01(D)'s page limitation must state:

i. The number of previous requests for leave;

ii. The particular reason for the request for leave, including a specific statement as to why the action due cannot be completed within the allotted page limit; and

iii. Whether the request for leave is approved or opposed by opposing counsel (agreement by counsel of a request for leave is not binding on the Court).

c. The parties should not submit proposed orders in conjunction with routine motions, *e.g.* motions for extension of time and motions to modify the scheduling order. The parties shall submit proposed orders in conjunction with all motions, other than dispositive motions, in which a specific, substantive ruling is sought by the Court, *e.g.* motions for entry of consent judgment, motions for temporary restraining order, motions for entry of a preliminary injunction, and motions for entry of a protective order. Such proposed orders shall be emailed in Word format to the Courtroom Deputy at Karen_Siegert@mow.uscourts.gov.

d. The final pretrial conference date and trial date shall be changed only by leave of Court.

**Plaintiff further requests the following:**

**1. Plaintiff requests fifteen depositions per side instead of the default ten.**

**2. Plaintiff requests that the Scheduling and Trial Order contain the following provisions:**

**- Electronic documents produced in native format with metadata intact (no flat PDFs that strip dates, authors, and edit history).**
**- A look-back period running from May 2024 forward (six months before the October 31, 2024 incident), which captures the relevant training and planning records without sweeping in unrelated history.**
**- Communications on personal devices that relate to County business. Several of the allegations involve coordination among defendants that likely happened off County systems. I'm open to a reasonable process for identifying and reviewing this, but it needs to be in scope.**
**- A Federal Rule of Evidence 502(d) order providing that inadvertent production of privileged or work-product material does not constitute waiver of the privilege or protection, in this or any other federal or state proceeding.**

**3. Plaintiff requests the entry of a protective order that provides the following:**

**- Confidentiality designations made on a document-by-document basis with a brief statement of the asserted basis, rather than by blanket category designation.**

**- Any "Attorneys' Eyes Only" tier limited to materials reflecting personal medical information, home addresses of non-parties, minor children's information, or comparably sensitive personal data, and not applied as a default designation for ordinary County operational records.**

**Defendants do not believe an expansion of deposition limits is necessary or appropriate. Defendants likewise do not believe that Plaintiff's requested additional language concerning ESI and a protective order should be included in the Scheduling and Trial Order. Defendants agree to work with Plaintiff in the preparation and submission of a proposed protective order.**

Respectfully submitted,

*/s/ Leslie Dennis Mannon*


Leslie Dennis Mannon
25641 Ortega Drive
Lebanon, Missouri 65536
Telephone: (573) 703-3727
Email: dmansr@gmail.com
**PLAINTIFF**


*/s/ Michael D. Cerulo*


Michael D. Cerulo #57536
Matthew Victorio #72177
BATY OTTO SCHEER PC
7777 Bonhomme Ave., Suite 2150
St. Louis, MO 63105
Telephone: 314-863-6274
Facsimile: 314-863-6407
mcerulo@batyotto.com
mivctorio@batyotto.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2026, I caused a copy of the foregoing document to be sent to all parties and counsel of record via this Court's CM/ECF system.

*/s/ Michael D. Cerulo*