**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| LESLIE DENNIS MANNON,<br><br>Plaintiff,<br><br>vs.<br><br>LACLEDE COUNTY, MO, et al.<br><br>Defendants. | Case No. 6:26-cv-03197-MBB |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants Laclede County, Missouri, Linda Cansler, Amy Folsom, and LaRita Pope ("Defendants"), by and through the undersigned counsel, and for their Motion to Dismiss Plaintiff's Amended Complaint [Doc. 18], state the following:

## I. Introduction

Plaintiff's Amended Complaint attempts to assert twelve different causes of action (sixteen counting the separate "state tort claims" alleged in Count XI) across 53 pages and 215 numbered paragraphs. Specifically, Plaintiff contends that he was involved in an exchange at a polling place on October 31, 2024 with Defendant Linda Cansler. Although Plaintiff believes Defendant LaRita Pope was present at the time of the exchange, he is uncertain and admits that the person he believes to be Ms. Pope may be one of three other people. Plaintiff readily concedes Defendant Amy Folsom was not present for exchange. However, Plaintiff is pursuing claims against Ms. Folsom because he did not like her response when he complained about the October 31, 2024 exchange.

Plaintiff is also asserting claims against Laclede County without setting forth any basis for holding Laclede County vicariously liable for the alleged conduct of the individual Defendants. Notably, Plaintiff never alleges that he was denied the right to cast a ballot in the 2024 election.

In his Amended Petition, Plaintiff asserts twelve separate causes of action:

- six alleging claims made under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986;
- a claim alleging a violation of the Voting Rights Act of 1965;
- a claim alleging violations of Missouri's Sunshine Law;
- a claim alleging common law fraud;
- a claim seeking an adverse inference under 52 U.S.C. § 20701;
- a claim alleging violations of the Americans with Disability Act;
- a claim consisting of an assortment of "state tort claims" including assault, battery, intentional infliction of emotional distress, abuse of process, and civil conspiracy.

None of Plaintiff's twelve asserted causes of action states a plausible claim against any of the Defendants upon which relief could be granted. Accordingly, Plaintiffs' Amended Complaint should be dismissed in its entirety.

## II. Standard of Review

In reviewing a Rule 12(b)(6) motion, "all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991), citing Ortiz v. Cornetta, 867 F.2d 146, 149 (2d Cir. 1989).

Under Rule 8(a)(2), a pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Indeed, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This is achieved when the pleading allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. Significantly, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. Legal Memorandum

Due to the unwieldy scope of Plaintiff's Amended Complaint, Defendants incorporate by reference their Memorandum of Law in Support of their Motion to Dismiss, filed contemporaneously herewith, which separately identifies the deficiencies of each of Plaintiff's asserted twelve causes of action.

WHEREFORE Defendants Laclede County, Missouri, Linda Cansler, Amy Folsom, and LaRita Pope respectfully request that the Court dismiss the entirety of Plaintiff's Amended Complaint, award Defendants their costs incurred herein, and grant such other and further relief as the Court deems just and proper.

*/s/ Michael D. Cerulo*
Michael D. Cerulo #57536
Matthew Victorio #72177
BATY OTTO SCHEER PC
7777 Bonhomme Ave., Suite 2150
St. Louis, MO 63105
Telephone: 314-863-6274
Facsimile: 314-863-6407
mcerulo@batyotto.com
mivctorio@batyotto.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2026, I caused a copy of the foregoing document to be sent to all counsel of record via this Court's CM/ECF system and via electronic mail to Plaintiff.

*/s/ Michael D. Cerulo*