**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| LESLIE DENNIS MANNON,<br><br>Plaintiff,<br><br>vs.<br><br>LACLEDE COUNTY, MO, et al.<br><br>Defendants. | Case No. 6:26-cv-03197-MBB |

**DEFENDANTS' SUGGESTIONS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Respectfully submitted,

*/s/ Michael D. Cerulo*
Michael D. Cerulo #57536
Matthew Victorio #72177
BATY OTTO SCHEER PC
7777 Bonhomme Ave., Suite 2150
St. Louis, MO 63105
Telephone: 314-863-6274
Facsimile: 314-863-6407
mcerulo@batyotto.com
mivctorio@batyotto.com
**ATTORNEYS FOR DEFENDANTS**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ 2

TABLE OF AUTHORITIES ................................................................................................. 4

SUGGESTIONS IN SUPPORT .............................................................................................. 7

I. Plaintiff's 42 U.S.C. § 1983, § 1985, § 1986 Claims Should be Dismissed for Failure to State a Clai .......................................................................... 7

A. Plaintiff's Claims Must Be Dismissed as to All Defendants Because Plaintiff Lacks Standing to Sue .................................................... 7

B. Plaintiff's Claims Must Be Dismissed as to Amy Folsom and LaRita Pope................................................................................... 8

C. Plaintiff's Claim Must Be Dismissed as to Laclede County....................... 9

D. Plaintiff's § 1983 Claim Must Be Dismissed as to All Defendants Because Plaintiff Has Not Pled Purposeful or Intentional Discrimination.......................................................................... 10

II. Plaintiff's 52 U.S.C. § 10307(b) Voting Rights Act of 1965 Claims Should be Dismissed for Failure to State a Claim. .............................................. 11

III. Plaintiff's Claim for Violations of Missouri's Sunshine Law Should Be Dismissed for Failure to State a Claim. ............................................................. 13

IV. Plaintiff's Claims for Fraud Should Be Dismissed for Failure to State a Claim.......................................................................................................... 14

V. Plaintiff's Claim for an Adverse Inference under 52 U.S.C. § 20701 Should be Dismissed for Failure to State a Claim. .............................................. 15

VI. Plaintiff's Claim for an under the Americans with Disabilities Act 42 U.S.C. § 12132 Should be Dismissed for Failure to State a Claim ...................... 16

VII. Plaintiff's "State Tort Claims" Should Be Dismissed for Failure to State a Claim.......................................................................................................... 16

A. Plaintiff's Assault Claim Should Be Dismissed ...................................... 17

B. Plaintiff's Battery Claim Should Be Dismissed....................................... 18

C. Plaintiff's Claim for Intentional Infliction of Emotional Distress Should Be Dismissed .................................................................................. 18

D. Plaintiff's Claim for Abuse of Process Should Be Dismissed................. 19

E. Plaintiff's Claim for Civil Conspiracy Should Be Dismissed. ................ 19

VIII. Count IV and Count VI of Plaintiff's Amended Complaint are Barred by the Applicable Statute of Limitations. ........................................................ 20

CONCLUSION........................................................................................................ 21

CERTIFICATE OF SERVICE ................................................................................ 22

## TABLE OF AUTHORITIES

**CASES**

*Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511 (2001) ..... 12

*Bartis v. City of Bridgeton*, No. 406-CV-1574 JCH, 2007 WL 1486024, at *6 (E.D. Mo. May 18, 2007) ..... 20

*Blessing v. Freestone*, 520 U.S. 329, 117 S.Ct. 1353 (1997) ..... 12

*Colombo v. Buford*, 935 S.W.2d 690 (Mo. Ct. App. 1996) ..... 20

*Connick v. Thompson*, 563 U.S. 51 (2011) ..... 10

*Cottonhill Inv. v. Boatmen's Nat. Bank*, 887 S.W.2d 742 (Mo.App.1994) ..... 15

*Creative Walking, Inc. v. American States Ins. Co.*, 25 S.W.3d 682 (Mo.App. E.D.2000) ..... 20

*Di Maggio v. O'Brien*, 497 F. Supp. 870 (E.D. Pa. 1980) ..... 9

*Doe v. Pfrommer*, 148 F.3d 73 (2d Cir.1998) ..... 16

*Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261 (4th Cir.1995) ..... 16

*Geiger v. Bowersox*, 974 S.W.2d 513 (Mo.App. E.D.1998) ..... 17

*Gibson v. Brewer*, 952 S.W.2d 239 (Mo. banc 1997) ..... 18

*Gilmore v. Amityville Union Free School Dist.*, 305 F.Supp.2d 271 (E.D.N.Y. 2004) ..... 9-11

*Gold v. Feinberg*, 101 F.3d 796 (2d Cir. 1996) ..... 10

*Gonzaga University v. Doe*, 536 U.S. 273122 S.Ct. 2268 (2002) ..... 12

*Gorman v. Bartch*, 152 F.3d 907 (8th Cir.1998) ..... 16

*Guerra v. Fougere*, 201 S.W.3d 44 (Mo. Ct. App. 2006) ..... 13-14

*Heberer v. Shell Oil Co.*, 744 S.W.2d 441 (Mo.banc 1988) ..... 15

*J.R. v. P.B.A.*, 773 S.W.2d 235, 236 (Mo.App. S.D.1989) ..... 18

*Lyn–Flex West, Inc. v. Dieckhaus*, 24 S.W.3d 693 (Mo.App. E.D.1999) ..... 20

*McIntosh v. Ark. Republican Party–Frank White Election Comm.*, 766 F.2d 337 (8th Cir.1985) ..... 10

*McKeon v. Daley,* 101 F.Supp.2d 79 (N.D.N.Y. 2000) ..... 8

*Moffitt v. Town of Brookfield*, 950 F.2d 880 (2nd Cir. 1991) ..... 8

*Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978) ..... 9

*O'Neal v. Stifel, Nicolaus & Co., Inc.*, 996 S.W.2d 700 (Mo.App. E.D.1999) ..... 9, 15

*Peck v. United States*, 470 F.Supp. 1003, 1018 (S.D.N.Y.1979) ........ 21

*Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687 (4th Cir. 2019) ........ 12

*Powell v. Power*, 436 F.2d 84 (2nd Cir. 1970) ........ 11

*Schilling v. Washburne*, 592 F. Supp. 3d 492 (W.D. Va. 2022) ........ 12-13

*Schlafly v. Cori*, 647 S.W.3d 570 (Mo. 2022) ........ 19

*Shannon v. Jacobowitz*, 394 F.3d 90 (2d Cir. 2005) ........ 11

*Spokeo, Inc. v. Robins,* 136 S.Ct. 1540 (2016) ........ 7

*Spradlin v. City of Fulton*, 982 S.W.2d 255, 262 (Mo. banc 1998) ........ 14

*Stanley v. City of Independence*, 995 S.W.2d 485 (Mo. banc 1999) ........ 17

*Strake v. Robinwood West Cmty. Improvement Dist.*, 473 S.W.3d 642 (Mo. banc 2015) ........ 13

*Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269 (Mo. 2019) ........ 19

*United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382 (D.C. Cir. 2025) ........ 15

*Wright v. Smith,* 21 F.3d 496 (2nd Cir. 1994) ........ 8

**STATUTES**

42 U.S.C. § 1983 ........ 7-11

42 U.S.C. § 1985 ........ 7-10

42 U.S.C. § 1986 ........ 7-10, 21

42 U.S.C. § 12132 ........ 16

52 U.S.C. § 10307(b) ........ 11-13

52 U.S.C. § 10308(d) ........ 12-13

52 U.S.C. § 20701 ........ 15

Mo. Rev. Stat. § 610.010 ........ 13-14

Mo. Rev. Stat. § 610.010.4 ........ 13

Mo. Rev. Stat. § 610.010.6 ........ 13

Mo. Rev. Stat. § 610.022.5 ........ 13

Mo. Rev. Stat. § 610.023.2 ........ 13

Mo. Rev. Stat. § 610.026 ........ 13-14

Mo. Rev. Stat. § 610.027 ........ 13-14

Mo. Rev. Stat. § 610.027.2 ........ 14

Mo. Rev. Stat. § 610.027.3 .......................................................................................... 13-14
Mo. Rev. Stat. § 610.027.5 .......................................................................................... 20-21

COME NOW Defendants Laclede County, Missouri, Linda Cansler, Amy Folsom, and LaRita Pope ("Defendants"), by and through the undersigned counsel, and for their Suggestions in Support of their Motion to Dismiss Plaintiff's Amended Complaint [Doc. 18], state the following:

## I. Plaintiff's 42 U.S.C. § 1983, § 1985, § 1986 Claims (Counts I, II, VI, VII, X, Count XII) Should be Dismissed for Failure to State a Claim

Plaintiff asserts duplicative counts under 42 U.S.C. § 1983, § 1985, § 1986, seeking recovery for an interaction alleged to have occurred between Plaintiff, Ms. Cansler, and an unidentified poll worker Plaintiff suspects, but is not certain, is LaRita Pope. Counts I, II, VI, VII, X and XII of Plaintiff's Amended Complaint should be dismissed as to all Defendants.

### A. Plaintiff's Claims Must Be Dismissed as to All Defendants Because Plaintiff Lacks Standing to Sue

A plaintiff must establish standing to bring suit. The Supreme Court requires a constitutional minimum of three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a judicial decision. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 1548.

Plaintiff's fails to allege that Plaintiff was unable to vote, or that he was prevented from casting his vote by any of the Defendants. According to the Amended Complaint, Plaintiff appeared at the polling place, obtained a ballot, and engaged in an interaction with polling workers. The Complaint contains no further allegation that Plaintiff was prohibited from casting his ballot in the election or was denied any legally protected right by the Defendants. Here, Plaintiff does not plead he sustained an injury in fact. Because he alleges no violation of a legally

protected interest, he lacks standing to bring a claim under 42 U.S.C. § 1983, § 1985, or § 1986.

**B. Plaintiff's Claims Must Be Dismissed as to Amy Folsom and LaRita Pope**

Plaintiff's Amended Complaint asserts claims made under 42 U.S.C. § 1983 and § 1985 against Amy Folsom and LaRita Pope. In his Amended Complaint, Plaintiff alleges that Ms. Folsom was the "Prosecuting Attorney for Laclede County" *See* Plaintiff's Amended Complaint, ¶ 19. Plaintiff concedes that he does not know if he had any interaction with LaRita Pope, who may be two other unnamed individuals. *See* Plaintiff's Amended Complaint, ¶ 38.

The mechanism for holding individual government officials liable for the violation of a person's rights is 42 U.S.C. §1983. To sustain a claim for money damages against an individual under §1983, a pleading must allege personal involvement in the alleged constitutional deprivation. *Wright v. Smith*, 21 F.3d 496 (2d Cir. 1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2nd Cir. 1991). This burden can be met one of four ways: "(1) direct participation in the infraction; (2) failure to remedy a wrong after learning of the violation; (3) creating or allowing a policy to continue under which the violation occurred; or (4) gross negligence in supervision of subordinates who caused the violation." *McKeon v. Daley*, 101 F.Supp.2d 79, 91 (N.D.N.Y. 2000).

As to Counts I and II, there are no allegations that Ms. Folsom was present at the polling site or that she played any participatory role in the events that occurred there. Nor are there allegations that Ms. Folsom learned of the alleged violation of voting rights or that she created or allowed any relevant policy. Likewise, Plaintiff has not alleged with any certainty that Ms. Pope was present or involved in any of the conduct for which he complains. There are no allegations that they were present at the polling place, knew of the alleged deprivation of rights, were involved in the creation of any policy to deprive Plaintiff of his rights, or played any role in

supervising subordinates who are alleged to have caused a violation. Accordingly, the Amended Complaint should be dismissed as against Ms. Folsom and Ms. Pope.

Concerning Count VII, Plaintiff's Amended Complaint does not contain sufficient allegations to support a claim that Ms. Folson denied Plaintiff access to court. Although Plaintiff contends that Ms. Folsom engaged in some manner of fraudulent conduct that confused Plaintiff relating to applicable statutes of limitations, Plaintiff fails to plead the alleged fraudulent conduct sufficiently to state a cause of action. A plaintiff must state all averments of fraud with particularity, except malice, intent, knowledge and any other condition of mind which can be averred. *O'Neal v. Stifel, Nicolaus & Co., Inc.*, 996 S.W.2d 700, 703 (Mo.App. E.D.1999).

**C. Plaintiff's Claim Must Be Dismissed as to Laclede County**

Counts I, II, VI, and XII seek to hold Laclede County liable under a theory of *respondeat superior*. Section 1983 "creates a claim against any person who, acting under the color of State law, abridges rights created by the Constitution and law of the United States." *Gilmore v. Amityville Union Free School Dist.*, 305 F.Supp.2d 271, 277 (E.D.N.Y. 2004). Plaintiff's §1983 claim fails for a number of reasons.

A §1983 claim against a municipality or other local government entity that, like Plaintiff's claim, seeks money damages, cannot be based on the doctrine of *respondeat superior*, i.e., liability solely because the municipality or entity employs a tortfeasor. *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978). Such liability can only be found when the alleged constitutional deprivation results from an official policy or informal custom adopted by the municipality or entity. *Id*. The analysis that liability under § 1983 cannot be predicated on respondeat superior applies with equal force to § 1985 and § 1986. *Di Maggio v. O'Brien*, 497 F. Supp. 870, 875–76 (E.D. Pa. 1980). Thus, to defeat the present motion, Plaintiff's pleading must

set forth the existence of either an official policy or informal custom that has been adopted by Laclede County. Plaintiff fails to allege any facts identifying any policy or custom adopted by Laclede County that resulted in a deprivation of Plaintiff's rights. Rather, he merely relies on conclusory assertions without providing any basis or factual support.

Under the informal custom theory of liability, a local government entity can be held liable under §1983 if a plaintiff can establish a "failure to train" employees that resulted in a constitutional deprivation. A failure to train claim requires the Plaintiff to establish a "deliberate indifference" to a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). No prior pattern of similar behavior has been alleged by Plaintiff that would meet the burden of pleading a failure to train claim.

**D. Plaintiff's § 1983 Claim Must Be Dismissed as to All Defendants Because Plaintiff Has Not Pled Purposeful or Intentional Discrimination**

Plaintiffs' §1983, §1985, and §1986 claims fail for a failure to meet the burden of pleading intentional or purposeful discrimination. Unlike a claim under the Voting Rights Act, a claim under §1983 must allege "intentional or purposeful discrimination" to sustain a §1983 alleging errors in the election process. *Id.*, citing *Gold v. Feinberg*, 101 F.3d 796 (2d Cir. 1996). *Gilmore* is instructive. Like the present case, the plaintiffs in *Gilmore* made "conclusory claims of discriminatory intent as the reason behind the defendants'" actions, yet the complaint lacked "allegations of a specific discriminatory act or utterance by the defendants." *Id.* at 278. Likewise, purposeful discrimination must be established for a party to succeed on a § 1985 and a § 1986 claim. *See McIntosh v. Ark. Republican Party–Frank White Election Comm.*, 766 F.2d 337, 340 (8th Cir.1985).

And though Gilmore acknowledged that, at the motion to dismiss stage, discriminatory intent can be inferred from the complaint allegations (*Id.*), like the present case, the complaint in

*Gilmore* proffered no facts upon which to do so. Even assuming all of Plaintiff's allegations to be

true, the events set forth in the Complaint show a process where mistakes were made and poll workers did not act in an appropriate manner when faced with Plaintiffs' complaints. These allegations do not support even the inference of intent to support a §1983 claim. Rather, the allegations evidence "garden variety" irregularities that federal courts routinely reject as due process violations. *Shannon v. Jacobowitz*, 394 F.3d 90, 96 (2d Cir. 2005).

It is long-standing precedent that elections need not be error free and that human error, absent evidence of intentional discrimination, does not constitute a constitutional violation. In denying a claim under §1983 based on allegations that election officials had permitted unqualified voters to cast ballots, the Second Circuit held that the due process clause "offer[s] no guarantee against errors in the administration of an election." *Powell v. Power*, 436 F.2d 84, 88 (2nd Cir. 1970). The Court continued, "we cannot believe that the framers of our Constitution were so hypersensitive to ordinary human frailties as to lay down an unrealistic requirement that elections be free of any error." *Id.* Plaintiff has failed to allege any discriminatory intent on the part of any of the Defendants. Accordingly, Counts I, II, VI, VII, X, and XII fail to state a claim and should be dismissed.

## II. Plaintiff's 52 U.S.C. § 10307(b) Voting Rights Act of 1965 Claims (Count III) Should be Dismissed for Failure to State a Claim

In Count III of his Amended Petition, Plaintiff attempts to state a cause of action against Ms. Cansler, Ms. Pope, and Laclede County by claiming he was subject to intimidation under the Voting Rights Act. 52 U.S.C. § 10307(b) provides that "[n]o person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote[.]" However, this language does not create a

private right of action. *Schilling v. Washburne*, 592 F. Supp. 3d 492, 497 (W.D. Va. 2022).

"As a matter of black letter law, inferring a private right of action is a matter of statutory interpretation. If Congress is silent or ambiguous, courts may not find a cause of action 'no matter how desirable that might be as a policy matter.'" *Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687, 694–95 (4th Cir. 2019) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286–87, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001)). Congress creates a private right of action by utilizing language that (1) is "rights-creating" and (2) displays an intent to create a private remedy. *See Gonzaga University v. Doe*, 536 U.S. 273, 284, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) ("[A] plaintiff suing under an implied right of action ... must show that the statute manifests an intent 'to create not just a private right but also a private remedy.'") (quoting *Sandoval*, 532 U.S. at 286, 121 S.Ct. 1511).

Two factors preclude finding that § 10307(b) creates individually enforceable private rights. First, the "[n]o person ... shall" language of § 10307(b) is directed to the regulated party, not the party to be protected. This construction clearly prohibits voter intimidation. But it does not, under the Supreme Court's precedents, confer any new right on voters. *See Baker*, 941 F.3d at 696 ("[A] plaintiff seeking redress 'must assert the violation of a federal right, not merely the violation of federal law.'") (quoting *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997)). Second, the statute expressly delegates enforcement authority to the Attorney General, *see* 52 U.S.C. § 10308(d), while making no mention of a private right of action. *Schilling v. Washburne*, 592 F. Supp. 3d 492, 497 (W.D. Va. 2022). The Supreme Court reads such alternative enforcement mechanisms to "counsel against" finding "a congressional intent to create individually enforceable private rights." *Gonzaga*, 536 U.S. at 290, 122 S.Ct. 2268.

§ 10308(d) provides that "[w]henever any person has engaged or there is reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section ... 10307 of this title ... the Attorney General may institute for the United States ... an action ...." There is no mention whatsoever of a private right to sue. *Schilling*, 592 F. Supp. 3d at 499. Accordingly, Count III of Plaintiff's Amended Complaint should be dismissed in its entirety.

**III. Plaintiff's Claim for Violations of Missouri's Sunshine Law (Count IV) Should Be Dismissed for Failure to State a Claim**

Three elements are required to state a cause of action under section 610.023.2, R.S. Mo. 2000, for a governmental entity's refusal or failure to respond to a request made in accordance with the statute. The petitioner's petition must allege that (1) a request for access to a public record was made; (2) such request was received by the custodian of records; and (3) the custodian of records did not respond to the request within three business days of receiving the request. *Guerra v. Fougere*, 201 S.W.3d 44, 47 (Mo. Ct. App. 2006).

The provisions of the Sunshine Law that require public records to be open apply only to the records of public governmental bodies. Section 610.010(6); § 610.022.5. Section 610.010(4) defines a public governmental body as "any legislative, administrative or governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, judicial entities when operating in an administrative capacity, or by executive order." Plaintiff's claim against Ms. Cansler fails as a matter of law because she is not a public governmental body.

Section 610.027 expressly states that a knowing violation occurs when the public entity "has knowingly violated sections 610.010 to 610.026." § 610.027.3. To prove a "knowing" violation, a party, therefore, must do more than show that the city knew that it was not producing the report. *Strake v. Robinwood West Cmty. Improvement Dist.*, 473 S.W.3d 642, 645 (Mo. banc

2015). Section 610.027.2 requires proof that the public entity knew that its failure to produce the report violated the Sunshine Law. § 610.027.3. The standard required to prove a "purposeful" violation under section 610.027 is greater—the party must show that the defendant "purposefully violated section 610.010 to 610.026", which this Court has defined as acting with "a 'conscious design, intent, or plan' to violate the law and d[id] so 'with awareness of the probable consequences.'" *Spradlin v. City of Fulton*, 982 S.W.2d 255, 262 (Mo. banc 1998).

Plaintiff's claim against Laclede County also fails because Plaintiff failed to allege the required elements of the claim, namely that "the custodian of records did not respond to the request within three business days." *Guerra v. Fougere*, 201 S.W. at 47. Plaintiff alleges that he sent a request pursuant to § 610.010 on December 27, 2024 and concedes that a response was sent, albeit to an incorrect email address. *See* Plaintiff's Amended Complaint, ¶ 133. Plaintiff fails to allege any facts to support the contention that Laclede County's attempted emailing of records was either untimely or that Laclede County purposefully or consciously intended to violate the Sunshine Law. Accordingly, Plaintiff's Sunshine Act claim should therefore be dismissed.

## IV. Plaintiff's Claims for Fraud (Count V) Should Be Dismissed for Failure to State a Claim

Plaintiff alleges two counts based on the allegedly fraudulent conduct of Ms. Folsom. In Count V, Plaintiff contends that Ms. Folsom made representations to Plaintiff that she was "actively working to address his complaints, investigate the incident, and implement corrective policies…" *See* Plaintiff's Amended Complaint, ¶ 140. Plaintiff further claims that these fraudulent statements caused Plaintiff to delay filing the present lawsuit.

The elements of a fraud action are, "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or his ignorance of its truth, (5) the speaker's intent that

it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the representation being true, (8) the right to rely thereon, and (9) the hearer's consequent and proximately caused injury." *Cottonhill Inv. v. Boatmen's Nat. Bank*, 887 S.W.2d 742, 744[9] (Mo.App.1994) (quoting *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo.banc 1988)). Importantly, a plaintiff must state all averments of fraud with particularity, except malice, intent, knowledge and any other condition of mind which can be averred generally. *O'Neal v. Stifel, Nicolaus & Co., Inc.*, 996 S.W.2d 700, 703 (Mo.App. E.D.1999); Rule 55.15.

Plaintiff's Complaint fails to meet these basic pleading requirements. Plaintiff does not allege any specific representations made by Ms. Folsom and instead only alleges generalities that do not permit the parties to evaluate their truth of falsity. Likewise, Plaintiff has failed to allege facts supporting the requirements that he relied on the representations and that he had the right to rely on the representations. Plaintiff alleges that Ms. Folsom made representations concerning "corrective policies," which would have no bearing on Plaintiff's right to bring potential tort claims against the Defendants.

Notably, Plaintiff also fails to identify any damages arising from the alleged fraudulent conduct and does not provide any prayer for relief as part of his claim. Based on the allegations contained in Plaintiff's Amended Complaint, there is no factual support for the conclusion that Ms. Folsom's representations were the proximate cause of any of Plaintiff's alleged damages.

### V. Plaintiff's Claim for an Adverse Inference under 52 U.S.C. § 20701 (Count VIII) Should be Dismissed for Failure to State a Claim

Plaintiff concedes that he does not state a recognized cause of action under 52 U.S.C. § 20701. The statute is a criminal law provision that does not create a private right of action. *See United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382, 384 (D.C. Cir. 2025). There is no

authority permitting individuals to assert claims for alleged violations of this statute. *Id*.

Accordingly, Count VIII of Plaintiff's Amended Complaint should be dismissed.

## VI. Plaintiff's Claim for an under the Americans with Disabilities Act 42 U.S.C. § 12132 (Count IX) Should be Dismissed for Failure to State a Claim

In Count IX, Plaintiff attempts to state a cause of action under Title II of the Americans with Disabilities Act ("ADA"). To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability. *See* 42 U.S.C. § 12131 et seq.; *see also Gorman v. Bartch*, 152 F.3d 907, 911–12 (8th Cir.1998); *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir.1995). The ADA requires only that a particular service provided to some not be denied to disabled people. *See Doe v. Pfrommer*, 148 F.3d 73, 83 (2d Cir.1998). Although Plaintiff's Amended Complaint is far from clear, presumably, the service at issue in this lawsuit is access to the polling place.

Although Plaintiff alleges that he is a person with a disability, he does not allege that he was excluded from any service or benefit, including access to the polling place. Indeed, Plaintiff fails to allege that he was denied the right to vote in the 2024 general election. Likewise, the Amended Complaint does not include any allegation that Plaintiff's exclusion from any service or benefit, such as voting, was due to discrimination based upon a disability. Rather, Plaintiff merely asserts that, because of his hearing impairment, the alleged interaction at the polling place was "disorienting and intimidating." Plaintiff's allegations do not meet the pleading requirements for an ADA claim and Count IX should be dismissed.

## VII. Plaintiff's "State Tort Claims" (Count XI) Should Be Dismissed for Failure to State a Claim

As Count XI, Plaintiff lumps together five different common law tort claims. For each of

these claims, Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

### A. Plaintiff's Assault Claim Should Be Dismissed

Assault is defined as "any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo.App. E.D.1998). Under M.A.I. 23.01, assault requires the following elements to be proven: (1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent, and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct. Likewise, respondeat superior principles require that the injury-causing conduct of an employee be within the course and scope of employment before the employer can be held vicariously liable. *Stanley v. City of Independence*, 995 S.W.2d 485, 487 (Mo. banc 1999).

Plaintiff's assault claim should be dismissed as to Ms. Folsom, who Plaintiff concedes was not present at the polling place at any time relevant to this lawsuit. It should also be dismissed as to Ms. Pope, whom Plaintiff is unable to allege was present at any relevant time. Plaintiff has not alleged any facts that would support a claim for vicarious liability against Laclede County.

Finally, Plaintiff's assault claim should be dismissed as to all Defendants as Count XI of Plaintiff's Amended Complaint does not set forth any of the elements of assault. Plaintiff does not allege that any Defendant intended to cause bodily harm or offensive contact, that any Defendant engaged in conduct that evidenced intent to harm, or that Plaintiff experienced any apprehension of bodily harm or offensive contact.

### B. Plaintiff's Battery Claim Should Be Dismissed

Plaintiff's claim for battery in his Amended Complaint should be dismissed as to Ms. Folsom, Ms. Pope, and Laclede County on the same grounds as Plaintiff's claim for assault.

Likewise, although Plaintiff claims that he was touched by Ms. Cansler, Plaintiff fails to allege that Ms. Cansler intended offensive contact or that Plaintiff suffered bodily harm because of the contact. *See* M.A.I. 23.02. Accordingly, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to all Defendants and should be dismissed.

### C. Plaintiff's Claim for Intentional Infliction of Emotional Distress Should Be Dismissed

In order to state a claim for intentional infliction of emotional distress, a plaintiff must plead that 1) the defendants' conduct was extreme and outrageous, 2) the conduct was intentional or done recklessly, and 3) the conduct caused severe emotional distress that results in bodily harm. *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997). Missouri case law recognizes the difficulty in defining acts that are "extreme and outrageous," and thus, each case must turn on its individual facts. *J.R. v. P.B.A.*, 773 S.W.2d 235, 236 (Mo.App. S.D.1989).

The defendant's conduct must be more than simply malicious or intentional; the conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Gibson*, 952 S.W.2d at 249. The conduct must also be "intended only to cause extreme emotional distress to the victim." *Id*.

Plaintiff's Amended Complaint fails to allege facts sufficient to state a cause of action for intentional infliction of emotional distress. Plaintiff does not allege that the contact between Ms. Cansler and him was extreme and outrageous. Likewise, although Plaintiff identifies "post-incident conduct" in his Amended Complaint, he merely recites a litany of grievances related to

the handling of his complaint. Plaintiff fails to allege any facts that support his merely conclusory statement that the conduct was extreme, outrageous, intentional, or reckless. The Amended Complaint is devoid of any factual allegations supporting the conclusion that any of the Defendants intended to cause emotional distress.

Likewise, Plaintiff fails to allege any facts supporting the third element, that the emotional distress was so severe as to result in bodily harm. Accordingly, Plaintiff's claim for intentional infliction of emotional distress should be dismissed.

**D. Plaintiff's Claim for Abuse of Process Should Be Dismissed**

To establish a claim for abuse of process, the plaintiff must plead and prove: (1) issuance of legal process, i.e., papers issued by a court to bring a party or property within the court's jurisdiction; (2) at the instigation of the defendant; (3) use of the process that is illegal, improper, perverted, and not warranted or authorized by the process; (4) an improper purpose of the defendant in engaging in the illegal, improper, or perverted use of the process; and (5) damage to the plaintiff as a result of the defendant's use of process. *Schlafly v. Cori*, 647 S.W.3d 570 (Mo. 2022); *Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269 (Mo. 2019).

Plaintiff plainly misunderstands the concept of "legal process." Plaintiff has not alleged the issuance of legal process at the instigation of any of the Defendants. Likewise, he has failed to allege any use of process that is illegal or improper, any improper purpose, or any damages resulting from any Defendant's use of process. The abuse of process claim should be dismissed.

**E. Plaintiff's Claim for Civil Conspiracy Should Be Dismissed**

To establish a claim for civil conspiracy, some Missouri cases state that the plaintiff must plead sufficient facts to support the following elements: "(1) two or more persons; (2) an object

to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful acts; and, (5) damages." *Lyn–Flex West, Inc. v. Dieckhaus*, 24 S.W.3d 693, 700 (Mo.App. E.D.1999). Other cases state the elements of civil conspiracy as: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby damaged." *Creative Walking, Inc. v. American States Ins. Co.*, 25 S.W.3d 682, 688 (Mo.App. E.D.2000).

Plaintiff's Amended Complaint is devoid of any facts to support his conclusory allegations. Plaintiff fails to allege that any of the Defendants agreed upon an objective to be accomplished and reached a meeting of minds on a course of action. Likewise, Plaintiff fails to allege any unlawful acts undertaken by Defendants or any damages arising from the Defendants' conduct.

Finally, Plaintiff fails to allege any facts that would support vicarious liability on the part of Laclede County. Count XI of Plaintiff's Amended Complaint should be dismissed.

**VIII. Count IV and Count VI of Plaintiff's Amended Complaint are Barred by the Applicable Statute of Limitations and Should be Dismissed**

As to Count IV, Mo. Rev. Stat. § 610.027.5, provides that "[s]uit for enforcement [of the Sunshine Law] shall be brought within one year from which the violation is ascertainable and in no event shall it be brought later than two years after the violation." In actions alleging a violation of the Sunshine Law, damages are "ascertainable" "when the fact of damage can be discovered or made known, rather than when a plaintiff actually discovers injury or wrongful conduct." *Colombo v. Buford*, 935 S.W.2d 690, 695 (Mo. Ct. App. 1996); *Bartis v. City of Bridgeton*, No. 406-CV-1574 JCH, 2007 WL 1486024, at *6 (E.D. Mo. May 18, 2007) (applying the statute of limitations to a claim by a police officer that in terminating him, the defendants violated the Missouri Sunshine Act).

As to Count VI, 42 U.S.C. § 1986 contains a statute of limitations stating that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. This statute of limitations begins to run "at the time that a tortfeasor interferes with a victims [sic] rights." *Peck v. United States*, 470 F.Supp. 1003, 1018 (S.D.N.Y.1979).

Plaintiff alleges his rights were first violated on October 31, 2024. Plaintiff alleges that he submitted his request under Missouri's Sunshine Law on December 7, 2024 and that Defendants failed to respond within three business days. See Plaintiff's Amended Complaint, ¶¶ 131-136. Accordingly, Plaintiff would have been aware of any alleged wrongful conduct under the Sunshine Law by January 2025. Plaintiff did not, however, file his original Complaint until April 2, 2026 [Doc. 1]. Accordingly, Count IV of Plaintiff's Amended Complaint is barred by Mo. Rev. Stat. § 610.027.5.

WHEREFORE Defendants Laclede County, Missouri, Linda Cansler, Amy Folsom, and LaRita Pope respectfully request that the Court dismiss the entirety of Plaintiff's Amended Complaint, award Defendants their costs incurred herein, and grant such other and further relief as the Court deems just and proper.

*/s/ Michael D. Cerulo*
Michael D. Cerulo #57536
Matthew Victorio #72177
BATY OTTO SCHEER PC
7777 Bonhomme Ave., Suite 2150
St. Louis, MO 63105
Telephone: 314-863-6274
Facsimile: 314-863-6407
mcerulo@batyotto.com
mivctorio@batyotto.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2026, I caused a copy of the foregoing document to be sent to all counsel of record via this Court's CM/ECF system and via electronic mail to Plaintiff.

*/s/ Michael D. Cerulo*