**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| LESLIE DENNIS MANNON,<br><br>Plaintiff,<br><br>vs.<br><br>LACLEDE COUNTY, MO, et al.<br><br>Defendants. | Case No. 6:26-cv-03197-MBB |

**DEFENDANTS' REPLY SUGGESTIONS IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants Laclede County, Missouri, Linda Cansler, Amy Folsom, and LaRita Pope ("Defendants"), by and through the undersigned counsel, and for their Reply Memorandum in Support of their Motion to Dismiss [Doc. 18], state the following:

## I. Plaintiff's 42 U.S.C. §§ 1983, 1985 and 1986 Claims Must be Dismissed

### A. Plaintiff's 42 U.S.C. §§ 1983, 1985, and 1986 Claims Must be Dismissed as to All Defendants Because Plaintiff's Standing Argument Fails.

A plaintiff must establish standing to bring suit. The Supreme Court requires a constitutional minimum of three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a judicial decision. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 1548.

Plaintiff claims in his Response that even though he was not prevented from casting his ballot, he still has standing to sue the Defendants. However, Plaintiff does not allege that Defendants harmed him. Plaintiff contends that the alleged unwanted physical contact from

Defendants provides him standing to sue on the sole basis that "physical harms," somehow, automatically warrant standing. Yet not only does Plaintiff fail to allege that he was physically harmed, but he also fails to allege that Defendants denied him any legally protected right. Plaintiff neither alleges facts suggestive of an injury, nor alleges how the Court could provide him a remedy to rectify such injury. Plaintiff alleges that a poll worker touched him but does not sufficiently allege that there was no invasion of a "legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Accordingly, Plaintiff lacks standing to bring a claim under 42 U.S.C. §§ 1983, 1985 and § 1986.

### B. Plaintiff's 42 U.S.C. §§ 1983, 1985, and 1986 Claims Must be Dismissed as to Amy Folsom and Larita Pope Because Plaintiff Does Not Plausibly Allege that Ms. Folsom or Ms. Pope Personally Deprived Him of Any Constitutional Right.

To hold individual government officials liable for an individual's rights under § 1983, a plaintiff must allege personal involvement in the alleged constitutional deprivation. *Wright v. Smith*, 21 F.3d 496 (2d Cir. 1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2nd Cir. 1991). Direct involvement may include: "(1) direct participation in the infraction; (2) failure to remedy a wrong after learning of the violation; (3) creating or allowing a policy to continue under which the violation occurred; or (4) gross negligence in supervision of subordinates who caused the violation." *McKeon v. Daley*, 101 F.Supp.2d 79, 91 (N.D.N.Y. 2000).

Plaintiff admits that Ms. Folsom was not present at the polling place where he went to vote. Therefore, Plaintiff still cannot show that Ms. Folsom had "direct participation in the infraction" alleged under 42 U.S.C. §§ 1983, 1985 and 1986. *Moffit*, 950 F.2d 880 at 885. He cannot show that Ms. Folsom interfered with his right to vote or that Ms. Folsom had any role in the subject incident. *Id.* Plaintiff does not allege that Ms. Folsom knew of the alleged violation, therefore there was no wrong for Ms. Folsom to have remedied. *Id.* Plaintiff also fails to allege any facts

whatsoever that Ms. Folsom, as County Prosecutor, created or allowed any policy as related to the poll workers' actions on the day of the subject incident. Plaintiff implausibly suggests that Ms. Folsom inadequately assisted him in his pursuit of legal action against the County and other Defendants. While Plaintiff does have a constitutional right to access the federal courts, he does not plausibly allege how Ms. Folsom interfered with his right to pursue his claims with even an iota of factual detail.

As for Ms. Pope, Plaintiff cannot plausibly allege that she deprived him of any right because he has not alleged with any certainty that Ms. Pope was present or involved in any way. Accordingly, Plaintiff's 42 U.S.C. §§ 1983, 1985, and 1986 Claims Must be Dismissed as to Amy Folsom and Larita Pope.

### C. Plaintiff's Claims Against Laclede County Must Still Be Dismissed Because Plaintiff Fails to Plausibly Allege An Official Policy or Informal Custom Resulting in a Constitutional Deprivation

A § 1983 claim seeking money damages against a municipality or local government entity like Laclede County cannot be based on the doctrine of *respondeat superior*. Liability cannot exist solely because the municipality or entity employs a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff must plausibly allege an official policy or informal custom resulting in his alleged constitutional deprivation to seek municipal liability under §§ 1983, 1985 and 1986. *Di Maggio v. O'Brien*, 497 F. Supp. 870, 875-76 (E.D. Pa. 1980). He must also plausibly allege that Laclede County showed "deliberate indifference" to a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

In addition to failing to allege a constitutional deprivation of his rights, Plaintiff fails to plausibly allege any facts whatsoever identifying a policy or informal custom which resulted in a constitutional deprivation. Plaintiff argues that "[a] single decision by an official with final

policymaking authority is itself municipal policy" and that "no pattern of prior violations is required" to allege municipal liability under §§ 1983, 1985 and 1986. He asserts that Ms. Cansler was the final policymaker for election administration in Laclede County and that her acts automatically constitute official County policy. This argument is flawed. Even if Ms. Cansler had final policymaking authority for election administration and a single decision by Ms. Cansler—rather than an official municipal policy or informal custom—was itself municipal policy, Plaintiff does not allege what decision, if any, Ms. Cansler made that resulted in Plaintiff's deprivation of rights.

Plaintiff cites the Supreme Court case *Pembaurg v. City of Cincinnati* for the proposition that Plaintiff need not show an official policy or informal custom to allege municipal liability. In *Pembaur*, an Assistant County Prosecutor was held to have deprived the petitioner of his constitutional rights under the Fourth and Fourteenth Amendments. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). The Prosecutor had ordered Deputy Sheriffs to unlawfully execute a third-person arrest warrant at the petitioner's business, a medical office. *Id.* at 484. The Court reasoned that the Sheriffs were acting pursuant to an "official policy" that is predicate to municipal liability under *Monell*. *Id.* at 475. Municipal liability attached because the Prosecutor as "decisionmaker possesse[d] final authority to establish municipal policy with respect to the action ordered." *Id.* at 481. Therefore, the Court recognized, municipal policymaking authority (and consequent liability under §§ 1983, 1985 and 1986) exists both when "granted directly by a legislative enactment" and when "delegated by an official who possesses such authority." *Id.* at 483.

*Pembaur* is distinguishable from the present case, however. Whereas the Prosecutor in *Pembaur* "ordered" the "action" of searching the petitioner's medical office, Plaintiff does not plausibly allege that Ms. Cansler 'ordered an action' or took any action at all, or that an action

resulted in a depravation of his rights. There was no alleged grant or delegation of policymaking authority, let alone any action taken place in furtherance of some policy. Ms. Cansler allegedly "issuing verbal commands" to Plaintiff or allegedly "obstructing Plaintiff's view of his ballot" is a significantly far cry from an Assistant County Prosecutor calling police officers on the phone and telling them to illegally carry out an arrest warrant. *Pembaur*, 475 U.S. 469. Indeed, *Pembaur* plainly states that "[t]he fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions *does not, without more*, give rise to municipal liability based on an exercise of that discretion." *Id.* at 482. No municipal liability can attach to Laclede County here. Plaintiff's claims must be dismissed.

### D. Plaintiff's § 1983 Claim Must Still Be Dismissed As to All Defendants Because He Fails to Plead Purposeful or Intentional Discrimination

Plaintiff's §§ 1983, 1985 and 1986 claims must allege "intentional or purposeful discrimination." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (stating what a plaintiff must allege to plead discrimination under § 1983). *See McIntosh v. Ark. Republican Party-Frank White Election*, 766 F.2d 337, 340 (8th Cir. 1985) (framing the discriminatory intent requirements under §§ 1985 and 1986). Yet Plaintiff does not plausibly allege facts of either form of discrimination. He instead provides conclusory claims of discriminatory intent without evidence of any specific discriminatory "acts or utterances" by the Defendants. *Gilmore v. Amityville Union Free School Dist.*, 305 F.Supp.2d 271, 278 (E.D.N.Y. 2004. Plaintiff concedes this point by proffering no facts in his Amended Complaint from which discriminatory intent can be inferred. Additionally, Plaintiff does not contest that his allegations are anything more than "garden variety" election irregularities that do not amount to due process violations. *Shannon v. Jacobowitz*, 394 F.3d 90, 96 (2d. Cir. 2005). Plaintiff's § 1983 claim must be dismissed.

## II. Even if 52 U.S.C. § 10307(b) Creates a Private Right of Action, Plaintiff's Claim Still Fails As a Matter of Law

To establish a claim under Section 11(b), a plaintiff must show that the defendant has intimidated, threatened, or coerced someone for voting or attempting to vote, or has attempted such intimidation, threat, or coercion. *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 477 (S.D.N.Y. 2020). The pertinent statutory language provides:

> No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote, or intimidate, threaten, or coerce any person for exercising any powers or duties under section 10302(a), 10305, 10306, or 10308(e) of this title or section 1973d or 1973g of Title 42.1.

52 U.S.C. § 10307(b). Plaintiff does not allege that Defendants made any attempt to intimidate, threaten, or coerce Plaintiff for voting or attempting to vote. Rather, Plaintiff contends that Ms. Cansler and Ms. Pope approached Plaintiff to request that he stop recording his "voting transaction." *See* Plaintiff's Amended Complaint [Doc. 18], ¶ 27. Other than baseless conclusory allegations, Plaintiff alleges no facts to support the contention that any Defendant attempted to intimidate, threaten, or coerce Plaintiff for voting or attempting to vote.

## III. Plaintiff Still Fails to State A Claim For Violation of Missouri's Sunshine Law and Count IV Must Be Dismissed Because He Fails to Show a Purposeful Violation and Fails to Show the Sunshine Law Applies to Ms. Folsom

Plaintiff must plausibly allege under RSMo 2000 that (1) he made a request for access to a public record, (2) the custodian of records received his request and (3) the custodian of records did not respond to the request within three business days of receiving the request. *Guerra v. Fougere*, 201 S.W.3d 44, 47 (Mo. Ct. App. 2006). Plaintiff must also allege that the public entity receiving his request knowingly violated the Sunshine Law by not producing the public record. *See Spradlin v. City of Fulton*, 982 S.W.2d 255, 262 (Mo. banc 1998). Plaintiff fails both to plausibly allege that

the "custodian of records" purposely did not respond to him and to plausibly allege that the Sunshine Law applies to Ms. Cansler.

First, Plaintiff plainly fails to show a purposeful violation. He pleads zero facts whatsoever that Laclede County and Ms. Cansler had "a 'conscious design, intent, or plan' to violate the [Sunshine] [L]aw." *Spradlin*, 982 S.W.2d 255 at 262.

Plaintiff suggests that Ms. Cansler deliberately sent her reply to him to the incorrect email address, conceding that Ms. Cansler did, in fact, respond to his request within three business days. *Guerra*, 201 S.W.3d 44 at 47. The Complaint alleges that Ms. Cansler omitted the "m" at the end of "dmansr@gmail.com." If accidentally omitting a single letter in an intended respondent's email address could amount to a deliberate scheme to violate public records law, this would severely undermine the ability of local government employees to perform their core duties.

Second, Plaintiff fails to allege that Ms. Cansler, to whom he sent a public records request, is a "governmental body" within the meaning of the Sunshine Act. Plaintiff states in his Response that "whether Cansler's role independently qualifies should not be resolved against Plaintiff on the pleadings." This is incorrect. Plaintiff must plausibly allege facts qualifying Ms. Cansler as a "governmental body." Plaintiff claims that because Ms. Cansler holds a "single officer position created by state statute, with its own statutorily defined duties." Yet Plaintiff fails to cite a statute creating Ms. Cansler's role as County Clerk or defining Ms. Cansler's 'duties.' *Id.* He does not allege what any of these 'duties' are.

Plaintiff cites *Charlier v. Corum* and *News-Press & Gazette Co. v. Cathcart* to suggest that Ms. Cansler is a "government body" to which the Sunshine Law applies. But both of those cases involved public employees who held administrative roles and performed duties clearly established by statute. For example, the medical examiner in *Cathcart*, to whom the Sunshine Law applied,

produced autopsy reports and other records according to statute. *News-Press & Gazette Co. v.* Cathcart, 974 S.W.2d 576, 578-79. The sheriff in *Charlier* also had statutory duties imposed upon him. *See Charlier v. Corum*, 774 S.W.2d 518 (Mo. Ct. App. 1989). Plaintiff must plausibly allege that a Missouri statute established Ms. Cansler's position (with its statutorily defined duties) as a "government body" to which the Sunshine Law applies. *See id.* Plaintiff wholly fails to do so. Count IV must be dismissed.

## IV. Plaintiff Still Fails to State A Claim for Fraud and Count V Must Be Dismissed

Plaintiff must state all averments of fraud with particularity and prove all elements. *See O'Neal v. Stifel, Nicolaus & Co., Inc.*, 996 S.W.2d 700, 703 (Mo. Ct. App. 1999). Plaintiff still only alleges generalities about Ms. Folsom's alleged conduct. He does not address any of the necessary elements to plead fraud. He provides no facts suggesting that Ms. Folsom had a responsibility to investigate his voter complaints or that she purposely delayed doing so. He provides no facts that her actions prevented him from filing a case under the Sunshine Law. He provides no facts that he relied on specific representations by Ms. Folsom in such a way that prevented him from filing suit. Even if Ms. Folsom made representations concerning "corrective policies,' this has no bearing on Plaintiff's right to bring a fraud claim. Even if there were "corrective policies"—whatever that means—Plaintiff may still have missed filing a timely claim. Count V must be dismissed.

## V. Plaintiff's ADA Claim (Count VI) Must Still Be Dismissed Because He Cannot Show He Was Qualified for A Benefit And Was Excluded From That Benefit

Plaintiff still fails to show that he was excluded from any service or benefit, including access to the polling place. He fails to show that he was denied the right to vote, let alone that he was denied the right to vote because of discrimination based on disability. Plaintiff cites a litany of cases, none of which address either of these issues. Count VI must be dismissed.

## VI. Plaintiff's State Tort Claims Must Still Be Dismissed

Plaintiff still fails to plausibly allege any of the state tort claims pleaded in the Complaint and fails to state a cause of action upon which relief can be granted.

### A. Battery and Assault

Plaintiff still does not set forth any elements required to be proved for assault and battery. Plaintiff does not allege that any Defendant intended to cause bodily harm or offensive contact, or that Plaintiff experienced any apprehension of bodily harm or offensive contact. Plaintiff states that Ms. Folsom's liability does not depend on her presence at the polling place because she is "liable for torts committed in furtherance of the conspiracy." Yet Plaintiff does not plausibly allege that there was any 'conspiracy' whatsoever. Plaintiff's battery and assault claims must be dismissed.

### B. Intentional Infliction of Emotional Distress (IIED)

Plaintiff still fails to allege any facts supporting a claim for intentional infliction of emotional distress. He does not point to any actions by any of the Defendants that are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997). Plaintiff simply restates the empty, conclusory statements in his Complaint. Plaintiff's claim must be dismissed.

### C. Abuse of Process and Civil Conspiracy

Plaintiff again fails to offer any facts supporting his claims of abuse of process and civil conspiracy. As for abuse of process, he does not allege the issuance of legal process by any of the Defendants. Regarding civil conspiracy, Plaintiff once again fails to allege any unlawful acts Defendants took or any damages arising from such acts. Both claims must be dismissed.

## VII. Counts IV and VI of Plaintiff's Amended Complaint Are Time-Barred and Must Still be Dismissed

Plaintiff offers no support for his assertion that the statutes of limitations for his § 1986 claim and Sunshine Law claim were equitably tolled due to Ms. Folsom's alleged fraud. Specifically, Plaintiff relies on Mo. Ann. Stat. § 516.280, which provides:

> If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented.

However, Plaintiff offers no authority supporting the proposition that Ms. Cansler's "communications," "meetings," and "enthusiasm," constituted an "improper act, preventing the commencement of an action."

Plaintiff's reliance on *Smile v. Lawson*, 435 S.W.2d 325 (Mo. 1968) is misplaced. In that case, a surgeon concealed the fact from his patient that he had accidentally severed her laryngeal nerves, paralyzing her vocal cords. *Id*. Plaintiff also cites *Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576, 582-84 (Mo. banc 2006) for the proposition that a cause of action accrues when it becomes capable of ascertainment.

Plaintiff offers no meaningful argument that Ms. Cansler engaged in conduct that concealed Plaintiff's cause of action or prevented Plaintiff from ascertaining his claimed damages. Rather, Plaintiff alleges that he was both immediately aware of his perceived claims and immediately began complaining to Defendants. Accordingly these claims are time-barred.

WHEREFORE Defendants Laclede County, Missouri, Linda Cansler, Amy Folsom, and LaRita Pope respectfully request that the Court dismiss the entirety of Plaintiff's Amended Complaint, award Defendants their costs incurred herein, and grant such other and further relief as the Court deems just and proper.

*/s/ Michael D. Cerulo*
Michael D. Cerulo #57536MO
John Leiner #78367MO
BATY OTTO SCHEER P.C.
7777 Bonhomme Ave., Ste. 2150
St. Louis, MO 63105
Telephone: (314) 863-6274
Facsimile: (314) 863-6407
mcerulo@batyotto.com
jleiner@batyotto.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026, I caused a copy of the foregoing document to be sent to all counsel of record via this Court's CM/ECF system and via electronic mail to Plaintiff.

*/s/ Michael D. Cerulo*