**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| LESLIE DENNIS MANNON,<br><br>Plaintiff,<br><br>vs.<br><br>LACLEDE COUNTY, MO, et al.,<br><br>Defendants. | Case No. 6:26-cv-03197-MBB |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO DESIGNATE TREATING PROVIDERS OUT OF TIME**

Plaintiff Leslie Dennis Mannon, pro se, submits these suggestions in support of his motion for leave to designate his treating health care providers out of time.

I. FACTS

The Scheduling and Trial Order (Doc. 28), entered August 5, 2026, set October 9, 2026 for Plaintiff's expert designations and December 8, 2026 for Defendants' (Doc. 28 ¶ 6), with all discovery to be completed by March 31, 2027 (Doc. 28 ¶ 5). Paragraph 6 reaches every witness from whom expert opinions will be elicited, including treating physicians, and provides that a treating physician's report requirement "may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party." It defines a treating physician to include any "practitioner of the healing arts" retained by a party before retaining counsel, and provides that a treating physician "will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert."

Plaintiff is a heart attack survivor with a diagnosed anxiety disorder. The First Amended Complaint alleges that the confrontation at his voting station on October 31, 2024 "directly and severely aggravated these pre-existing medical conditions" (Doc. 18 ¶ 36) and seeks damages for that aggravation (Doc. 18 ¶ 114). Henry Bluhm, PA, of Mercy Clinic Family Medicine in Lebanon, Missouri, became Plaintiff's primary care provider on October 21, 2024, ten days before those events, and treated his anxiety disorder before and after them. Dr. Muhammad Al Sharif, DO, of Mercy Clinic Cardiology in Springfield, Missouri, began treating Plaintiff's coronary condition on December 2, 2024, about a month after those events. Plaintiff represents himself and has never retained counsel.

Plaintiff mistakenly treated the docket text of Doc. 28, which lists only the discovery and dispositive motion deadlines, as the complete order. He did not calendar paragraph 6 and did not designate either provider by October 9, 2026. He discovered the error on October 21, 2026, asked Defendants' counsel for their position the same day, sent counsel the providers' records at counsel's request, and filed this motion less than two weeks later. Counsel has not stated a position. Throughout this period Plaintiff has actively prosecuted the case, serving written discovery on all Defendants on July 2, 2026, and serving or noticing Rule 45 subpoenas to four non-parties.

## II. ARGUMENT

### A. The neglect is excusable under Rule 6(b)(1)(B).

When a deadline has passed, the Court may extend it "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Excusable neglect under Rule 6(b) is "a somewhat 'elastic concept'" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). The determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice," "the length of the delay and its potential impact on judicial proceedings," "the reason for the delay, including whether it was within the reasonable control of the movant," and "whether the movant acted in good faith." Id. at 395.

Plaintiff acknowledges that the reason for the delay, his own misreading of the docket, was within his control, and that such mistakes do not usually constitute excusable neglect. Id. at 392. The other circumstances, however, weigh heavily in his favor. Defendants face no prejudice, as explained below. The delay is short, the motion follows the deadline by about three weeks, and it has no impact on any other date in the case. And Plaintiff has acted in good faith throughout: he raised the error with Defendants' counsel the day he found it and seeks to designate only the two providers who treated the conditions the First Amended Complaint places at issue.

B. Good cause exists under Rule 16(b)(4).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). Plaintiff does not claim the October 9 date could not have been met. His diligence is shown in how he has prosecuted this case and in how quickly he acted once he found the error: he has served written

discovery and multiple non-party subpoenas, and he moved for relief within two weeks of discovering the omission rather than waiting for Defendants to raise it.

C. Any delay is harmless under Rule 37(c)(1).

Rule 37(c)(1) bars use of a witness not identified as Rule 26(a) requires only when the failure was not "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Any delay here is harmless. Defendants' own expert designations are not due until December 8, 2026, so they can respond to both providers on the existing schedule. About five months of discovery remain. No trial date has been set. Plaintiff's medical condition has been at issue since the First Amended Complaint. And each provider's testimony will be limited to his own treatment of Plaintiff, which paragraph 6 allows to be disclosed through his records rather than a retained expert's report.

D. Excluding Plaintiff's treating providers would be out of proportion to the delay.

Whether the events of October 31, 2024 aggravated Plaintiff's anxiety disorder and coronary condition is a medical question, and the providers who treated those conditions are the witnesses best placed to address it. Barring that testimony would effectively decide an element of damages on a missed calendar entry rather than on the merits, while granting leave costs Defendants nothing they would not face under the existing schedule.

III. CONCLUSION

Plaintiff respectfully requests leave to serve a designation of Henry Bluhm, PA, and Dr. Muhammad Al Sharif, DO, with their files, records, and notes as paragraph 6 of the Scheduling and Trial Order permits, within fourteen days of the Court's order.

Respectfully submitted,

/s/ Leslie Dennis Mannon
Leslie Dennis Mannon
Plaintiff, Pro Se
25641 Ortega Drive
Lebanon, Missouri 65536
Telephone: (573) 703-3727
Email: dmansr@gmail.com

Dated: November 1, 2026

CERTIFICATE OF SERVICE

I certify that on the date stated above I filed this document with the Clerk of Court through the Electronic Document Submission System and served a copy by electronic mail on counsel for all Defendants, Michael D. Cerulo (mcerulo@batyotto.com) and Matthew A. Victorio (mvictorio@batyotto.com), Baty Otto Scheer PC.

/s/ Leslie Dennis Mannon