**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | |
|---|---|
| LESLIE DENNIS MANNON,<br><br>Plaintiff,<br><br>vs.<br><br>LACLEDE COUNTY, MO, et al.,<br><br>Defendants. | Case No. 6:26-cv-03197-MBB |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER AND SUGGESTIONS IN SUPPORT**

Plaintiff Leslie Dennis Mannon, pro se, moves under Federal Rule of Civil Procedure 26(c)(1) for entry of a Protective Order on the terms set out below. Defendants Laclede County, Missouri, Linda Cansler, Amy Folsom, and LaRita Pope do not oppose this motion. Plaintiff's supporting suggestions under Local Rule 7.0 are set out below.

**SUGGESTIONS IN SUPPORT**

1. Conferral. Plaintiff certifies under Rule 26(c)(1) that he has in good faith conferred with Defendants' counsel about the proposed order. On November 1, 2026, Plaintiff emailed Defendants' counsel a proposed joint motion setting out proposed terms, together with a proposed order. The same day, counsel asked that the requirement to return or destroy protected material be omitted. Plaintiff removed that requirement and emailed the revised motion and proposed order that evening. On November 11, 2026, counsel wrote that he had reviewed the proposed protective order and that his clients "do not oppose it," that "we do not join in the motion as we do not believe the protective order is necessary," and that "you may advise that the motion is unopposed." The terms below are the terms of the revised proposal.

2. Procedure. The Court's Order of May 22, 2026 (Doc. 11) provides that if the parties agree to the terms of a proposed protective order, they shall file a joint motion for approval with the agreed terms incorporated into the motion, and that if they do not agree to each term, the dispute is to be resolved under Local Rule 37 before a party files a motion. No term is in dispute, and Defendants do not join in a motion. Plaintiff therefore files this motion alone and otherwise follows Doc. 11: the proposed terms are incorporated into this motion, and no proposed order is attached. As Paragraph 9(c) of the Scheduling and Trial Order (Doc. 28) directs for a motion for entry of a protective order, a proposed order incorporating the same terms is being emailed in Word format to the Courtroom Deputy.

3. Good cause. Rule 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "specifying terms ... for the disclosure or discovery." Discovery in this action involves Plaintiff's medical records. Paragraph 6 of the Scheduling and Trial Order (Doc. 28) allows the report requirement for a treating physician to be satisfied by providing the physician's files, records, and notes to the opposing party, and Plaintiff's motion for leave to designate two treating providers out of time under that paragraph is pending (Doc. 33). On October 21, 2026, at defense counsel's request, Plaintiff emailed his Mercy medical records from those two providers to Defendants' counsel and asked that they be used only for this case. Defendants' Rule 26(a)(1) initial disclosures, served June 22, 2026, list "Plaintiff's pre- and post-incident medical records and billings" relating to certain pre-existing medical conditions and to his treatment after the incident among the documents Defendants may use to support their defenses. The proposed terms protect such information while keeping it available to the parties for use in this action.

4. Local Rule 16.1(d)(6). Plaintiff did not serve a proposed protective order with his initial disclosures on May 26, 2026. On June 3, 2026, Plaintiff told Defendants' counsel by email that a protective order was anticipated and that he would circulate a proposed order. The parties' proposed scheduling order filed June 23, 2026 (Doc. 16) states Plaintiff's request for a protective order and that Defendants "agree to work with Plaintiff in the preparation and submission of a proposed protective order." Plaintiff, who is not a lawyer, prepared a draft order but did not send it to Defendants' counsel. No medical records were exchanged until October 21, 2026. Plaintiff revised the draft that day and sent it to Defendants' counsel on November 1, 2026.

## PROPOSED TERMS

**1. Scope**

1.1 This Order governs the designation, handling, and use of information produced or disclosed in this action, whether in documents, electronically stored information, deposition testimony, written discovery responses, or any other form.

1.2 This Order does not enlarge or limit any party's right to obtain or to object to discovery on any ground. It governs only the treatment of material once produced or disclosed.

1.3 This Order is without prejudice to any party's right to seek modification of its terms, to seek further protection under Rule 26(c), or to challenge any designation made under it.

**2. Definitions**

2.1 "Producing Party" means any party or non-party that produces or discloses material in this action. "Receiving Party" means any party that receives such material. "Designating Party" means the party or non-party that designates material as protected under this Order.

2.2 "Confidential Information" means material that the Designating Party in good faith believes contains non-public information entitled to protection under Rule 26(c), including non-

public personnel records, non-public internal governmental deliberations, security procedures, and commercially or personally sensitive information.

2.3 "Sensitive Personal Data" means the category of highly sensitive personal information described in Paragraph 5.1, and nothing else.

2.4 "Qualified Persons" means those persons authorized to receive Confidential Information under Paragraph 6.

**3. Designation Made Document by Document, With a Stated Basis**

3.1 A Designating Party may designate material as protected only on a document-by-document basis. Blanket or categorical designations of entire productions or entire deposition transcripts are not permitted.

3.2 Each designation shall be accompanied by a brief statement of its basis, sufficient to identify the nature of the asserted confidentiality (for example, "Plaintiff's medical records," "non-public personnel evaluation," or "home address of non-party witness"). A statement that merely repeats the word "confidential" does not satisfy this requirement.

3.3 A party shall not designate material as protected for any improper purpose, including to delay or burden the litigation, to shield non-sensitive information from disclosure, or to gain tactical advantage.

**4. What May Be Designated**

4.1 A Designating Party may designate as "CONFIDENTIAL" only material that, in good faith, it believes contains information entitled to protection under Rule 26(c) and is not already public.

4.2 The following are presumptively not entitled to designation absent a particularized showing: information that is or becomes public through no violation of this Order; information

the Receiving Party lawfully possessed before it was produced in this action; and ordinary governmental operational records, election-administration records, policies, training materials, and internal communications that do not themselves contain Sensitive Personal Data.

4.3 Medical, mental-health, and pharmacy records of any party or non-party may be designated "CONFIDENTIAL: SENSITIVE PERSONAL DATA." This includes the records of Plaintiff's treating health care providers produced under Paragraph 6 of the Scheduling and Trial Order (Doc. 28).

**5. Sensitive Personal Data**

5.1 The designation "CONFIDENTIAL: SENSITIVE PERSONAL DATA" is reserved for: (a) medical, mental-health, and pharmacy information of any party or non-party; (b) home addresses and personal contact information of non-parties; (c) information identifying minor children; (d) Social Security numbers, taxpayer-identification numbers, financial-account numbers, and government-identification numbers; and (e) other information comparably sensitive to the foregoing.

5.2 This designation shall not be applied to ordinary County operational records, election-administration records, policies, training materials, internal communications, or other routine governmental records, and shall not be used as a default or category designation.

5.3 Where redaction under Federal Rule of Civil Procedure 5.2 adequately protects the interest at stake, the Producing Party shall produce the material in redacted form rather than withhold it or restrict access to it.

5.4 Plaintiff is self-represented, and no designation under this Order may be used to deny Plaintiff access to evidence in his own action. Material designated "CONFIDENTIAL: SENSITIVE PERSONAL DATA" remains available to Plaintiff for use in this litigation, subject

to the following handling: Plaintiff shall not copy, transmit, or disclose such material except as reasonably necessary for this litigation; shall not disclose it to any person other than the Court, its personnel, and Qualified Persons bound by this Order; and shall store it securely.

**6. Persons Who May Access Protected Material**

6.1 Confidential Information and material designated under Paragraph 5 may be disclosed only to: (a) the parties, including Plaintiff personally as a self-represented party, and the individual Defendants, subject to Paragraph 6.4; (b) counsel of record for Defendants and their supporting staff; (c) the Court, its personnel, and any court reporter or videographer; (d) retained experts or consultants who have first signed the Acknowledgment set out in Paragraph 17; (e) a witness during a deposition or trial, to the extent reasonably necessary, subject to Paragraph 6.2; and (f) any other person upon written agreement of the parties or order of the Court.

6.2 Before protected material is shown to a witness who is not otherwise a Qualified Person, the witness shall be advised of this Order and asked to sign the Acknowledgment. A witness shall not retain any copy of protected material.

6.3 Each person granted access under this Paragraph is bound by this Order and subject to the jurisdiction of the Court for its enforcement.

6.4 Material designated "CONFIDENTIAL: SENSITIVE PERSONAL DATA" that pertains to another party may be shown to an individual Defendant only as reasonably necessary to assist counsel in this action, and the individual Defendant shall not retain a copy. This Paragraph does not limit Plaintiff, who acts as his own counsel, subject to Paragraph 5.4.

**7. Manner of Designation**

7.1 A Producing Party designates documents and electronically stored information by placing the applicable legend ("CONFIDENTIAL" or "CONFIDENTIAL: SENSITIVE

PERSONAL DATA") on each page so designated or, where that is impracticable, by a written notice accompanying the production that identifies the file and states the basis required by Paragraph 3.2.

7.2 A party may designate deposition testimony on the record during the deposition, or by written notice within fourteen (14) days after receipt of the transcript. Until that period expires, the transcript shall be treated as Confidential.

7.3 A Producing Party that inadvertently fails to designate material may correct the omission by prompt written notice. The Receiving Party shall thereafter treat the material as designated, but no person is in breach for any disclosure made before the notice.

7.4 Material produced before entry of this Order with a written request that it be used only for this action, including medical records produced under Paragraph 6 of the Scheduling and Trial Order (Doc. 28), is treated as designated "CONFIDENTIAL: SENSITIVE PERSONAL DATA" from the date of entry of this Order without further notice.

**8. Challenges to Designations**

8.1 A Receiving Party may challenge any designation at any time. The challenging party shall first confer with the Designating Party under Local Rule 37.1.

8.2 If the dispute is not resolved, the Designating Party may seek an order upholding the designation in the manner the Court directs for discovery disputes. The burden of establishing that material is properly designated rests with the Designating Party. The challenged material remains subject to this Order until the Court rules.

8.3 A party does not waive any objection to a designation by failing to challenge it promptly.

**9. Use Limited to This Litigation**

Protected material shall be used solely for the prosecution or defense of this action, including any appeal, and for no other purpose. It shall not be published or disclosed to the press, to social media, or to the public.

**10. Filing With the Court**

10.1 Nothing in this Order authorizes the filing of any material under seal. A party that seeks to file protected material shall comply with the Court's procedures and the Local Rules governing sealing and shall, wherever possible, file the material in redacted form.

10.2 A party shall not file another party's material designated "CONFIDENTIAL: SENSITIVE PERSONAL DATA" on the public docket in unredacted form without the Designating Party's written consent or leave of Court.

**11. Privileged Material**

Under Federal Rule of Evidence 502(d), the production of material protected by the attorney-client privilege or the work-product doctrine in connection with this action does not waive the privilege or protection in this action or in any other federal or state proceeding. On written notice, the Receiving Party shall promptly return, sequester, or destroy the identified material, consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

**12. No Admission**

Nothing in this Order, and no designation made under it, is an admission that any material is confidential, privileged, relevant, or admissible.

**13. Non-Party Information**

A non-party that produces material in this action may invoke the protections of this Order and is entitled to the same treatment as a party for that purpose.

**14. Conclusion of the Litigation**

14.1 The Court's record is unaffected, and each party and counsel may retain a file copy of pleadings, motions, briefs, transcripts, and exhibits, which remain subject to this Order. Nothing in this Paragraph requires a party to return or destroy its own records.

**15. Continuing Jurisdiction**

The obligations of this Order survive the conclusion of this action, and the Court retains jurisdiction to enforce it.

**16. Modification**

This Order may be modified by written agreement of the parties approved by the Court, or by the Court for good cause.

**17. Acknowledgment**

A person required to sign an Acknowledgment under Paragraph 6 shall sign a written statement in substantially the following form: "I have read the Protective Order entered in Mannon v. Laclede County, Missouri, et al., No. 6:26-cv-03197-MBB (W.D. Mo.). I agree to be bound by it, to use protected material disclosed to me only for this action, not to disclose it to any person not authorized by the Order, and to submit to the jurisdiction of the United States District Court for the Western District of Missouri to enforce it."

WHEREFORE, Plaintiff respectfully requests that the Court enter a Protective Order incorporating the terms above, and grant such further relief as is just.

Respectfully submitted,

/s/ Leslie Dennis Mannon
Leslie Dennis Mannon
Plaintiff, Pro Se
25641 Ortega Drive
Lebanon, Missouri 65536
Telephone: (573) 703-3727
Email: dmansr@gmail.com

Dated: November 13, 2026

CERTIFICATE OF SERVICE

I certify that on the date stated above I filed this document with the Clerk of Court through the Electronic Document Submission System and served it on counsel for all Defendants, Michael D. Cerulo and Matthew A. Victorio, by first-class United States Mail, postage prepaid, to Baty Otto Scheer PC, 7777 Bonhomme Ave., Suite 2150, St. Louis, Missouri 63105 (Fed. R. Civ. P. 5(b)(2)(C)). A copy was also sent that day by electronic mail to mcerulo@batyotto.com and mvictorio@batyotto.com, with a copy to jleiner@batyotto.com.

/s/ Leslie Dennis Mannon